499 P.2d 862

Carl J. NEMELKA, as County Attorney of Salt Lake County, Plaintiff and Appellant,

v.

SALT LAKE COUNTY, a political subdivision of the State of Utah, et al., Defendants and Respondents.

No. 12967.

Supreme Court of Utah.

July 11, 1972.

**184**

Carl J. Nemelka, Salt Lake County Atty., Salt Lake City, for plaintiff and appellant.

Keith E. Taylor and James B. Lee of Parsons, Behle & Latimer, Salt Lake City, for defendants-respondents.

HENRIOD, Justice:

Suit filed under the Declaratory Judgment Act[1] by the Salt Lake County Attorney, to test the constitutionality of Title 11–17, Utah Code Annotated (1953), as amended,[2] as the latter might apply to the facts of the instant case, where the trial court declared its application was apropos constitutionally. Affirmed, with no costs awarded.

■ Kennecott petitioned the County Commission, pursuant to the act, to "au-

1. Title 78–33, Utah Code Annotated 1933.

2. Chap. 29, Laws of Utah 1967.

thorize the issuance and selling of revenue bonds . . . to finance the cost of acquiring, constructing and equipping air and water control facilities" and leasing it to Kennecott "so as to achieve greater industrial development in the State of Utah,"—slavishly paying respect to the act, succumbing to the pressure of federal and state bureaus dedicated to funded ecology, and paying homage to our recent case of Allen v. Tooele County.[3]

■ In the Allen case, the act was upheld in its application to a petition and contract envisioned and consummated by Tooele County and a private enterprise, formed to extract electrolytically certain minerals from our beloved,—The Great Salt Lake. The guidelines for the granting of such application, including nonliability of or taxability by the county, clearly are set out in that case, and explored with some degree of apprehension in the dissent, but we believe and hold that it is dispositive here, where industrial growth is conduced to as well or more by oxygen in the air as magnesium in solution. The act appears to be broad enough to cover the expansion of existing facilities for the purpose of industrial development as it does to initiate or create such facilities in the first instance, and we so hold.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.

3. 21 Utah 2d 383, 445 P.2d 994 (1968).