507 P.2d 1074

**KENNECOTT COPPER CORPORATION, a corporation, Plaintiff-Appellee,**

v.

**The TOWN OF HURLEY, New Mexico, a municipal corporation, et al., Defendants-Appellants.**

No. 9639.

Supreme Court of New Mexico.

March 16, 1973.

V. Lee Vesely, Silver City, for appellants.

Shantz, Dickson & Young, Silver City, for appellee.

## OPINION

McMANUS, Chief Justice.

The facts and law pertinent to this appeal are discussed in the judgment of the court below which we quote in its entirety.

"THIS CAUSE came on to be heard on Motion of Plaintiff for Summary Judgment pursuant to Rule 56 of the New Mexico Rules of Civil Procedure; the Court having considered the pleadings in the action, the affidavit of A. H. Crozier in support of the Motion for Summary Judgment, the law in support of the Motion for Summary Judgment and the Stipulation signed by the parties on January 5, 1973; the Court having duly deliberated thereon, and otherwise being fully advised and informed in the premises finds that the uncontested facts in this cause are as follows:

"1. Plaintiff, Kennecott Copper Corporation, is a corporation duly organized under the laws of the State of New York, which has for a long time been operating a large copper mining and refining complex in Grant County, New Mexico, a principal portion of which is located adjacent to the Town of Hurley.

"2. The Kennecott operation in Grant County contributes substantially to the eco-

nomic welfare of the citizens of Grant County and the Town of Hurley.

"3. On May 17, 1972, the Defendant Town of Hurley, by and through its elected officials and other named Defendants, authorized and executed a Memorandum of Agreement by and between the Town and Kennecott.

"4. By the terms of the Memorandum of Agreement the Town agreed to issue its Industrial Revenue Bonds pursuant to the Industrial Revenue Bond Act (being Sections 14–31–1 to 14–31–13 inclusive, N.M. S.A., 1953 Comp., as amended), for the purpose of defraying the cost of acquiring certain property useful to Kennecott for the purpose of abating and controlling environmental pollution; said property was proposed to be leased by the Town to Kennecott in such a manner that the rent to be paid by Kennecott would be sufficient to pay all principal, interest and any other amounts which become due on the proposed bonds.

"5. Subsequently, the Defendants formally refused to proceed with the proposed financing solely on the grounds that the Town of Hurley lacked legal and constitutional authority to proceed as contemplated by the Memorandum of Agreement.

"6. The Town has determined that the issuance of the proposed revenue bonds will promote the proper use of natural resources in New Mexico, promote a sound and proper balance between agriculture, commerce and industry, and otherwise contribute to the prosperity and welfare of its citizens by reducing pollution within and near the Town of Hurley.

"7. The Town is desirous of proceeding with its obligation under the Memorandum of Agreement, but only upon condition that it has legal authority to so act.

"8. An actual controversy presently exists between the parties.

"9. There is no genuine issue as to any material fact.

"AND NOW the Court from its aforementioned considerations, deliberations and findings concludes:

"1. That the Court has jurisdiction of the subject matter and the parties to this action.

"2. That an actual controversy presently exists between the parties.

"3. That the relief prayed for by the Plaintiff should be granted.

"THEREFORE, IT IS ORDERED, that the Plaintiff's Motion for Summary Judgment be and the same is hereby granted.

"IT IS FURTHER, ADJUDGED, DECREED AND DECLARED as follows:

"1. Pollution control facilities which do not provide any substantial employment do fall within the definition of the term 'project' as contained in the Industrial Revenue Bond Act (Sections 14–31–1 through 14–31–13, N.M.S.A., 1953 Comp., as amended), because the Act does not require that a 'project' increase employment. Since the proposed financing of the pollution control facilities is intended to promote industry, promote the proper use of natural resources and promote a sound and proper balance between agriculture, commerce and industry in Grant County and the Town of Hurley by reducing environmental pollution, said pollution control facilities constitute a proper 'project' within the meaning of the Act.

"2. With the increasing public concern for the preservation of a healthful environment there can be no doubt that the issuance of revenue bonds pursuant to the Act to finance the cost of the pollution control facilities is a proper 'public purpose' for which such revenue bonds may be constitutionally issued.

"3. As a matter of statutory construction the Town of Hurley, New Mexico, is authorized under the Act to acquire and finance a 'project' that does not include any real estate other than an easement on Plaintiff's own real estate which project will be used by an industry that is already located adjacent to the Town of Hurley; in view of the Legislature's direction to construe the Act liberally and in view of the absurd results which result

from reading the definition of 'project' conjunctively to require all rather than some of the elements thereof, the various elements in the definition of the term 'project' are to be read disjunctively.

"4. The proposed financing does not violate Article IX, Section 14 of the New Mexico Constitution because the Supreme Court of New Mexico has held in the Village of Deming vs. Hosdreg (62 N. M. 18, 303 P.2d 920) that a similar arrangement was not a prohibited 'donation to or in aid of * * * a private corporation * * *' within the meaning of Article IX, Section 14. Regardless of whether that holding determines that the arrangement is not a prohibited 'loan or pledge of credit,' since the bonds are to be issued for a public purpose and since by the terms of the Act the bonds are payable solely out of revenue to be derived from the project and may never constitute an indebtedness of the Town, the proposed arrangement does not constitute a loan or pledge of the credit of the Town to a private corporation. Although the proposed lease and the lease approved by the Supreme Court in the Hosdreg case, supra, amount in fact to nothing more than a loan of the proceeds from the revenue bonds to a private corporation, there is no violation of the constitutional provision because the arrangement creates no liability which the Town must, or even may, set aside from taxes or other municipal revenue.

"5. The Town of Hurley, New Mexico, has the power to issue bonds containing a corporate guarantee from the Plaintiff for the payment of all principal, interest and premiums on the bonds as proposed because the Act authorizes the Bonds to contain such provisions not inconsistent with the Act as may be approved by the Town in the proceedings authorizing the issuance of the bonds. Since the Act envisions an arrangement where the proceeds from the sale of the bonds will be turned over to a private person in order to achieve a public purpose and since the only source for the payment of such revenue bonds is the promise of the private person to make the payments to or in behalf of the issuer, such a guarantee is not inconsistent with the Act.

"6. Even if a conflict of interests resulted because of the fact that some of the Town Councilmen are employees of the Plaintiff, this does not invalidate their official action taken in regard to this financing because full compliance has been made with the requirements of Section 14-9-5 N.M.S.A., 1953 Comp., as amended.

"7. Based on the holding of the Supreme Court in the Hosdreg case, supra, the fact that this project will be owned by the Town of Hurley, and therefore, be exempt from ad valorem taxes, does not violate Article VIII, Section 1, of the New Mexico Constitution.

"8. The fact that Plaintiff has commenced construction of the 'project' proposed to be financed, does not preclude the Town of Hurley and Kennecott from availing themselves of the benefits of the Industrial Revenue Bond Act. (Sections 14-31-1 through 14-31-13, N.M.S.A., 1953 Comp., as amended)."

For decisions on closely related issues, see City of Clovis v. Southwestern Public Service Co., 49 N.M. 270, 161 P.2d 878 (1945); Nemelka v. Salt Lake County, 28 Utah 2d 183, 499 P.2d 862 (1972); Harper v. Schooler, 258 S.C. 486, 189 S.E.2d 284 (1972); State v. Putnam County Development Authority, 249 So.2d 6 (Fla.1971); and Fickes v. Missoula County, 155 Mont. 258, 470 P.2d 287 (1970).

Affirmed.

It is so ordered.

OMAN, and STEPHENSON, JJ., concur.